IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEIDI MARGIOTTI**<br>106 Heartsells Lane<br>Chalfont, PA 18914<br><br>**Plaintiff**<br><br>v.<br><br>**GEICO ADVANTAGE INSURANCE COMPANY**<br>1 GEICO Boulevard<br>Fredericksburg, VA 22412<br><br>**Defendant** | No. |

## Parties

1. Plaintiff, **HEIDI MARGIOTTI**, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at the above captioned address.

2. Defendant, **GEICO ADVANTAGE INSURANCE COMPANY**, **1 GEICO Boulevard**, **Fredericksburg, VA 22412**, is a corporation or other entity authorized to conduct business and to issue polices of insurance in the Commonwealth of Pennsylvania.

## Jurisdiction

3. Paragraphs 1 through 2 are incorporated herein by reference.

4. Original jurisdiction is conferred pursuant to 28 U.S.C. Sec. 1332(a), as the amount in controversy does not exceed the sum or value of $150,000.00, exclusive of costs and interest, and the action is between citizens of different states.

5. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b)(2), as this is the judicial district where the motor vehicle accident underlying this action occurred.

**Factual Allegations**

6. Paragraphs 1 through 5 are incorporated herein by reference.

7. On January 24, 2022, Plaintiff was driving southbound on Green Street approaching Mill Road in Hilltown Township, PA when a third-party tort feasor turned left in front of Plaintiff from Mill Road without proper clearance, forcing Plaintiff to swerve to avoid the collision, exit the roadway into a ditch and strike a PPL pole head on causing damage and injuries. The third-party vehicle did not stop.

8. At the time of the collision, the third-party vehicle was uninsured.

9. Based upon the serious and permanent nature of Plaintiff's injuries, there was no bodily injury policy in effect to compensate Plaintiff for her serious and permanent injuries sustained as a result of the subject accident.

10. At the time of the accident, Plaintiff, was driving a motor vehicle insured his car with GEICO.  A true and correct copy of the declaration sheet for GEICO's policy is attached hereto as Exhibit "A".

11. Plaintiff believes, therefore allege and avers that pursuant to the policy, specifically the INSURING AGREEMENT in the Uninsured Motorists Endorsement, it is provided that "We will pay for compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury; (1) sustained by an insured person; and (2) caused by an accident, and arising out of the ownership, maintenance, or use of an uninsured motor vehicle."

12. At the time that the Plaintiff purchased the GEICO policy, she selected to purchase bodily injury limits in an amount greater than the minimum coverage required by the

Commonwealth of Pennsylvania in order to protect their employees if they suffered bodily injury as a result of someone's else's negligence.

13. As a result of Plaintiff's election of bodily injury liability limits in an amount greater than the minimum coverage required by law, he paid, and Defendant, GEICO accepted increased premium payments.

14. As a result of Plaintiff's election of uninsured motorist benefits, she paid, and Defendant GEICO accepted increased premium payments.

15. Plaintiff, through her counsel, provided Defendant, GEICO with a formal demand package including all relevant medical records and reports concerning Plaintiff's condition, treatment and prognosis.

16. Plaintiff has made a demand for uninsured motorist coverage due under the GEICO policy based upon Plaintiff's injuries, including the injuries as reflected in the various medical records and reports.

17. Several calls and emails were sent to GEICO in an attempt to resolve this matter with little to no response.

18. Plaintiff has continuously demanded payment of the uninsured motorist coverage.

19. The medical records and reports provided to Defendant GEICO establish Plaintiff suffered serious and permanent injuries including but not limited to: Concussion without loss of consciousness, Post-concussional syndrome, Cervicalgia, Radiculopathy - cervical region, cervical sprain, cervical disc displacement at C6/C7, lumbar sprain, contusion of right knee, bursitis of right knee, muscle spasm, and other areas of her bodies, some or all of which may be permanent in nature.

20. The medical records and reports clearly establish that Plaintiff suffered and continues to suffer from severe pain and discomfort and will require continued treatment to manage her chronic pain for the foreseeable future.

## Count I

### Breach of Contract
### Plaintiff v. Defendant

21. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

22. Plaintiff has fully complied with all the terms, conditions and duties required under Defendant's policy.

23. Defendant has failed to evaluate objectively and fairly the Plaintiff's claim.

24. Defendant has failed to promptly offer payment of the reasonable and fair value of the claim to the Plaintiff.

25. Defendant failed to reasonably investigate Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that Plaintiff sustained serious and permanent injuries.

26. Plaintiff is owed by Defendant, a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate and uninsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

27. For reasons set forth above, Defendant has violated their obligations under the policy of insurance.

WHEREFORE, Plaintiff seeks judgment in their favor and against Defendant for an amount not in excess of the jurisdictional limits.

## Count II
## Bad Faith
## Plaintiff v. Defendant

28. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

29. The actions of Defendant, GEICO in handling of Plaintiff's uninsured motorist claim constitutes bad faith as defined under 42 Pa. C.S.A. §8371 as follows:

   (a)   Failing to evaluate Plaintiff's claims objectively and fairly based on new information;

   (b)   Failing to re-evaluate Plaintiff's claims objectively and fairly based on new information;

   (c)   Engaging in dilatory and abusive claims handling;

   (d).  Failing to adopt or implement reasonable standards in evaluating Plaintiff's claims.

   (e)   Acting unreasonably and unfairly in response to Plaintiff's claims;

   (f)   No attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claims in which the Defendant liability under the policy had become reasonably clear;

   (g).  Subordinating the interests of its insured and those entitled under its insured's coverage to its own financial monetary interests;

   (h)   Failing to promptly offer reasonable payment to the Plaintiff;

   (i)   Failing to reasonably and adequately investigate Plaintiff's claims.

   (j)   Failing to reasonably and adequately investigate Plaintiff's claims;

   (k).  Failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

   (l)   Violating the fiduciary duty owed to the Plaintiff;

   (m)   Acting unreasonably and unfairly by withholding uninsured motorist benefits justly due and owing to the Plaintiff;

  (n) Failing to make an honest, intelligent and objective settlement offer;

  (o) Causing Plaintiff to expend money on the presentation of her claim; and

  (p) Causing Plaintiff to bear the stress and anxiety associated with litigation.

30. An insurer such as Defendant has a fiduciary, contractual and statutory obligation to those such as the Plaintiff.

31. At all relevant times, Plaintiff fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to their right to recover under the policy.

32. For the reasons set forth above, Defendant, has violated the policy of insurance, its obligations as an insurer, has failed to act toward the Plaintiff in good faith and has violated 42 Pa.C.S.A. § 8371 for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the court deems appropriate.

33. Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the Plaintiff and is liable for their bad faith conduct.

WHEREFORE, Plaintiff demands judgment against Defendant, and in their favor in an amount not in excess of the arbitration limits for compensatory damages, punitive damages, interest, costs of suit, attorneys fee and any other damages allowed by 42 Pa. C.S.A. §8371.

**RESPECTFULLY SUBMITTED:**

    **STARK & STARK**
    A Professional Corporation

    By: *s/R. Tyler Tomlinson*
       **R. TYLER TOMLINSON**
**November 17, 2022**       Attorney for Plaintiff